IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| American Interstate Insurance Company,<br><br>    Plaintiff,<br><br>v.<br><br>Stubbs Metal Construction, Inc.,<br><br>    Defendant. | Civil Action No. 7:24-CV-00107 |

## w/ [PROPOSED] w/ PROTECTIVE ORDER

WHEREAS discovery in the above-captioned action (the "Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of (1) the named Plaintiff American Interstate Insurance Company, (2) the named Defendant Stubbs Metal Construction, Inc., or (3) other persons, that constitute or contain confidential personal information, trade secrets or other confidential and/or proprietary information;

WHEREAS such confidential or proprietary information should be protected in order to preserve the legitimate privacy and business interests of the parties or other persons;

WHEREAS the parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of this Action and to prevent unnecessary dissemination or disclosure of such secret, confidential, or proprietary information; and

WHEREAS the parties have established good cause for entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26(c);

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in this Action:

## I. DEFINITIONS

### A. Party Or Parties

"Party" or "Parties" refers to Plaintiff American Interstate Insurance Company and Defendant Stubbs Metal Construction, Inc.

### B. Production Material

"Production Material" means any information, document, or tangible thing, responses to discovery requests, subpoenas or subpoenas *duces tecum*, deposition testimony or transcript (or any other sworn testimony), or any portion thereof, regardless of the medium or manner generated, stored or maintained, produced or exchanged with another Party (including material which is voluntarily produced).

### C. Confidential Information

"Confidential Information" is defined as information that contains non-public and private personal or personnel information; non-public technical, commercial or financial information; or private or sensitive data, which warrants limiting disclosure to Parties only.

### D. Receiving Party

"Receiving Party" means a Party that receives Production Material from a Producing Party or a Producing Third Party.

### E. Producing Party

"Producing Party" means a Party or any Third Party that produces or otherwise makes available Production Material to a Receiving Party.

**F.  Protected Material**

"Protected Material" means any Production Material that is designated as Confidential in accordance with Section III below, and any copies, abstracts, summaries, or information derived from such Production Material, and notes or other records regarding the contents of such Production Material.

**G.  Counsel**

"Counsel" means any attorney representing any Party herein, including external attorneys and designated in-house attorneys, unless otherwise provided herein, and their respective support staff to whom it is necessary to disclose Protected Material for the purpose of this litigation.

**H.  Independent Expert**

"Independent Expert" means an expert and/or independent consultant actually retained or employed by a Party or by Counsel to advise or to assist Counsel in the preparation and/or trial of this action. Rules concerning the disclosure of Protected Material to Independent Experts are further stated at Section V below.

**II.  APPLICABILITY**

This Protective Order shall be applicable to and govern all depositions (or other sworn testimony), deposition exhibits and transcripts, documents, information or things produced in response to a request from any other Party, or as may be required by statute, including but not limited to, requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to Federal Rule of Civil Procedure 26, as well as testimony adduced at trial or other hearings, matters in evidence, and other information that the Producing Party designates as "CONFIDENTIAL" which is hereafter furnished, directly

or indirectly, by or on behalf of any Party or any non-party witness in connection with this action. A Producing Party may also designate materials as "CONFIDENTIAL" if they contain information that the Producing Party, in good faith, believes is confidential and/or proprietary to a Third Party and that was provided by such Third Party to the Producing Party under an agreement of confidentiality.

### III.   DESIGNATION OF PROTECTED MATERIAL

#### A.   Designation of Paper Material

1. In the case of documents, information, tangible things, pleadings, memoranda, exhibits, discovery responses and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production: "CONFIDENTIAL" or other comparable notice. In the event that a Party fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" at the time of its production, that Party may do so thereafter on notice to all Receiving Parties, provided however, that the Receiving Party shall not be liable for any disclosure or use of such information that may have occurred prior to receiving notice of the "CONFIDENTIAL" designation.

2. In the case of depositions or other sworn testimony, designation of the whole or portion of a transcript (including exhibits) that contains "CONFIDENTIAL" information shall be made by a statement to such effect on the record in the course of the deposition or, after review of such transcript by Counsel for the Party whose "CONFIDENTIAL" information is contained or referenced in the deposition or exhibits thereto. To the extent that a Party's Counsel does not designate portions of a deposition transcript as "CONFIDENTIAL" during the deposition, the undesignated portions of the deposition transcript shall, by default, be treated as if they were

Case 7:24-cv-00107-WLS   Document 14   Filed 03/31/25   Page 5 of 14
Case 7:24-cv-00107-WLS   Document 13-2   Filed 03/28/25   Page 5 of 14

designated CONFIDENTIAL for ten (10) business days after Counsel's receipt of the transcript. If a Party wishes to designate portions of a deposition transcript under this Order after a deposition, that Party's Counsel shall make such designation within ten (10) business days after Counsel's receipt of the transcript for normal discovery. Counsel shall identify in writing the numbers of the pages and lines of the transcript containing "CONFIDENTIAL" information, inserting the list at the end of the transcript, and e-mailing copies of the list to outside Counsel for all Parties, so that it may be affixed to the face of the transcript and each copy thereof. If no designation is made during the deposition, or within the applicable ten (10) business day period for designation after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" information.

**B.     Designation of Non-Paper Media**

1. Any "CONFIDENTIAL" information produced in non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL." In the event such non-paper media is transmitted as an attachment via email, the Producing Party may designate the information produced as "CONFIDENTIAL," by so identifying such media in the email. To the extent practicable, the Producing Party shall place the legend "CONFIDENTIAL" on every page of non-paper media as set forth for paper material in Section III.A. If the Producing Party is unable to stamp every page of material produced on non-paper media with the appropriate confidentiality designation, the Producing Party must notify the Receiving Party in writing when producing such media. In the event a Receiving Party generates any "hard copy," transcription, or printout from any designated non-paper media that the Producing Party was unable to stamp with a confidentiality legend on

every page, such Party must stamp each page "CONFIDENTIAL," in accordance with the Producing Party's designation, and the hard copy, transcription or printout shall be treated as it is designated.

## IV.   ACCESS TO PROTECTED MATERIAL

### A.   General

All information designated "CONFIDENTIAL" shall be used solely for the purposes of the above-captioned litigation between the Parties, including discovery, motions, trial and hearing preparation, and during trial or hearings and not for any other purpose. Without limiting the generality of the foregoing, under no circumstances shall such information, documents or transcripts be used by the Receiving Party for any commercial, business, competitive, or other purposes whatsoever.

Nothing herein shall restrict the use of "CONFIDENTIAL" information of the Producing Party by the Producing Party.

### B.   Access to Confidential Information

"CONFIDENTIAL" information shall not be disclosed, except by the prior written consent of the Producing Party, or pursuant to an Order of any Court having jurisdiction over the Parties, to any person other than the following:

1. Parties, including in-house attorneys and employees of Parties;

2. The outside attorneys working on this action on behalf of any Party, and any regular and temporary employees of such counsel working under the direct supervision of such counsel;

3.  Litigation support services (including copy services, graphics services, coding and/or scanning services, and electronic discovery services) and jury consultants, provided such litigation support services shall be bound by the same confidentiality obligations as the Parties;

4.  Court officers and supporting personnel, including any Special Master assigned by the Court to review discovery disputes in this litigation or any mediator or other neutral appointed by the Court, or officers of any appellate court to which an appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters);

5.  Other qualified court reporters and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof,

6.  Any person who is an author or *bona fide* previous recipient of "CONFIDENTIAL" information or an employee of the Party producing such materials; and

7.  Independent Experts.

## V.   INDEPENDENT EXPERTS

Subject to the provisions of this Order, Protected Material may be disclosed to an Independent Expert only if that Independent Expert has agreed in writing to be bound by this Protective Order, and has certified that the prospective Independent Expert is not a competitor of any Party to this action, or a consultant for, or employed by, such competitor with respect to the specific subject matter of this case. This certification shall be in the form attached hereto as Exhibit A, which Counsel shall provide to each and every Producing Party.

## VI. DESIGNATION NOT DETERMINATIVE OF STATUS

A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party disagrees with such designation, the Receiving Party shall provide to the Producing Party written notice of its disagreement with the designation. A Party that seeks to challenge a Producing Party's designation must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may seek resolution of the disputed confidentiality designation through the Court only if it has engaged in this meet and confer process first.

If the Parties are unable to resolve a dispute over a confidentiality designation informally, the challenging Party may seek resolution through the Court by motion that identifies the challenged material and sets forth in detail the basis for the challenge.

The burden of persuasion in any such challenge proceeding shall be on the Party that made the designation. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## VII. HANDLING OF PROTECTED MATERIAL

### A. Filing Protected Material with the Court

Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court.

### B. Working Copies

Nothing herein shall restrict a qualified recipient from: (a) making working copies, abstracts, digests and analyses of CONFIDENTIAL information for use in connection with this action between the Parties to the above-entitled litigation or (b) converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS

If a Receiving Party is served with a subpoena or an Order issued in a proceeding other than any that may arise between the Parties that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL," the Receiving Party must so notify the Producing Party, in writing, immediately and in no event more than five (5) court days after receiving the subpoena or Order. Such notification must include a copy of the subpoena or court Order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of the Protective Order. In addition, the Receiving Party must deliver a copy of this

Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX. VIOLATIONS

Any violation of this Protective Order shall constitute a violation of an Order of this Court. Any Party or individual who has agreed to be bound by the terms of this Protective Order and who is determined to have violated its terms may be subject to sanctions. In addition, the Court may require the Party failing to obey the Protective Order or the attorney advising that Party or both to pay reasonable expenses, including attorney's fees, caused by the failure. No Party waives the right to pursue any other legal or equitable remedies that may be available in the event of actual or anticipated disclosure of materials designated as "CONFIDENTIAL," subject to this Protective Order.

## X. FINAL DISPOSITION

Within 60 days after the final termination of any litigation between the Parties, or any agreement between the Parties resolving all disputes, Counsel for each Party shall return to the Producing Party, or certify in writing the destruction of, all "CONFIDENTIAL" information and all copies thereof and work product created therefrom, provided however, that outside counsel of

record for each Party may retain one copy of all pleadings and other documents that were filed with the Court and shall continue to maintain such copies in a manner consistent with the confidentiality obligations contained herein.

## XI.   RIGHT TO FURTHER RELIEF

Nothing herein shall prevent any Party from moving the Court for modification of this Protective Order for good cause. If the Court refuses to enter this form of Order, the Parties agree to continue to follow and be bound by the provisions of this Agreement related to the receipt, access and use of a Producing Party's documents and data produced in this litigation and designated as "Confidential."

## XII.   TERMINATION AND SURVIVAL

Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of the above-entitled litigation.

## XIII.   RIGHT TO ASSERT OTHER OBJECTIONS

Nothing herein shall be deemed to constitute a waiver of any objection a Producing Party may have to any request for production of documents or other requested discovery. Nothing herein shall prevent any Party from objecting to production of documents or objecting to other discovery requests on any available grounds, or from seeking alternative protective orders from this Court.

## XIV.   AMENDMENT

This Protective Order may only be amended by order of the Court after (1) an agreement of Counsel for all Parties in the form of a written stipulation filed with the Court or (2) a duly noticed motion.

SO ORDERED this **31st** day of **March**, 2025.

*W. Louis Sands*

THE HONORABLE W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

**Prepared by:**

**MORRIS, MANNING & MARTIN, LLP**

*/s/ Eric A. Larson*
Eric A. Larson
Georgia Bar No. 800631
Nathan R. Miles
Georgia Bar No. 829924
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel.: (404) 233-7000
Fax: (404) 365-9532
elarson@mmmlaw.com
nmiles@mmmlaw.com

*Counsel for Plaintiff American Interstate Insurance Company*

**Seen and Agreed:**

**COLEMAN TALLEY LLP**

*/s/ Annika M. Register*
William E. Holland
Georgia Bar No.: 005820
Annika M. Register
Georgia Bar No. 585567
109 S. Ashley Street
Valdosta, Georgia 31601
(229) 242-7562
(229) 333-0885 facsimile
bill.holland@colemantalley.com
annika.register@colemantalley.com

*Counsel for Defendant Stubbs Metal Construction, Inc.*

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| American Interstate Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Stubbs Metal Construction, Inc.,<br><br>Defendant. | Civil Action No. 7:24-CV-00107 |

### ACKNOWLEDGMENT OF CONFIDENTIALITY

The undersigned hereby acknowledges that he or she has read the Protective Order ("ORDER") in the above-referenced litigation and confirms that:

1. I have read and understand the contents of the ORDER dated _____ ___, 2025 in the above-captioned litigation.

2. I am executing this Acknowledgment and agreeing to observe the conditions provided in the ORDER prior to any disclosure to me of documents, things and/or any other information designated as containing, in whole or in part, CONFIDENTIAL information.

3. I expressly agree that:

   (a) I have read and shall be fully bound by the terms of the ORDER;

   (b) All documents, things and information disclosed to me pursuant to the ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of any of the documents, things or the information they contain, except in accordance with the ORDER;

-13-

    (c)    I shall not use or refer to any of the documents, things and/or any information so designated other than in connection with this litigation and as prescribed in the ORDER;

    (d)    I shall, upon notification that this litigation has terminated, return any and all originals and/or copies of the documents and things to counsel for _____ at such counsel's expense, and I shall destroy any notes or memoranda I have that in any way concern the substance embraced by such documents, things and/or information.

4.    I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, wherever I shall be found, for purposes of enforcement of the ORDER.

[SIGNATURE ON FOLLOWING PAGE]

Dated:_____

_____
(Signature)

Print Name and Address:

_____

_____

_____

_____